UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DWAIN BUTLER,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, ET AL.,

    Defendants.
_____/

No. C 07-5992    JL

**NOTICE**

**TO PLAINTIFF:**

This Court's Social Security Procedural Order provides that a plaintiff in a lawsuit for Social Security disability benefits must file a motion for summary judgment or remand within thirty days after service of Defendant's Answer. You were served with a copy of the Procedural Order on November 27, 2007. Defendant filed its Answer on March 10, 2008. When the Court contacted you, you advised that you had not received Defendant's Answer. Defendant then served you with a copy of its Answer on July 8, 2008. Your motion for summary judgment was therefore due to be filed with the Court and served on Defendant on or before August 8, 2008.

You have not filed your motion and you are not represented by counsel. Attorney Georgianna Russo has advised the Court that she only represents you for your new claim with the Social Security Administration, not for your prosecution of this lawsuit.

1   Plaintiff should be aware that although he is now representing himself in this action, he is nevertheless obligated to follow the same rules as represented parties. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (finding that pro per litigants must follow the same procedural rules as represented parties). Lack of awareness of the applicable rules and procedures is no excuse for failure to comply with the same. *Swimmer v. I.R.S.*, 811 F.2d 1343, 1344 (9th Cir. 1987) (ignorance of court rules does not constitute excusable neglect, even if the litigant appears pro se.)  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. *Collins v. Pitchess*, 641 F. 2d 740, 742 (9th Cir. 1981) ("Every plaintiff in federal court has a responsibility to prosecute his action diligently."). Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) without further notice from the Court.  *Ferdick v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992)."

Your failure to file a summary judgment motion as required by this Court's Social Security Procedural Order places you in jeopardy of losing your case for failure to prosecute.

The Court hereby grants you a 60-day extension of time to file your motion for summary judgment, to January 29, 2009. The Court recommends that you continue to seek legal representation, and that you do the best you can to file your motion yourself before the deadline. If you fail to file by the deadline, the Court will be forced to dismiss your case.

IT IS SO ORDERED.

DATED: November 19, 2008

_____
James Larson
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIVIL\07-5992\Sumary Judgment warning.wpd

C-07-5992 NOTICE                                                                                              Page 2 of 2