UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DWAIN BUTLER,            No. C 07-5992   JL

    Plaintiff,

                                                    **DISMISSAL**

    v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION, ET AL.,

    Defendants.
_____/

        On November 19, 2008, this Court issued its order advising Plaintiff Dwain Butler that it would be forced to dismiss his case for failure to prosecute, since he had not filed his motion for summary judgment as required by this Court's Procedural Order.

        The Social Security Procedural Order provides that a plaintiff in a lawsuit for Social Security disability benefits must file a motion for summary judgment or remand within thirty days after service of Defendant's Answer. Plaintiff was served with a copy of the Procedural Order on November 27, 2007. Defendant filed its Answer on March 10, 2008. The Court contacted Plaintiff by telephone, and he advised that he had not received Defendant's Answer. Defendant then served him with a copy of its Answer on July 8, 2008. Plaintiff's motion for summary judgment was therefore due to be filed with the Court and served on Defendant on or before August 8, 2008.

1    By November 2008 Plaintiff had not filed his motion. He was not represented by
2 counsel. Attorney Georgianna Russo has advised the Court that she only represents
3 Plaintiff for a new claim with the Social Security Administration, not for prosecution of this
4 lawsuit.

5    The Court in its November order advised Plaintiff that he should be aware that
6 although he is now representing himself in this action, he is nevertheless obligated to follow
7 the same rules as represented parties. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)
8 (finding that pro per litigants must follow the same procedural rules as represented parties).
9 Lack of awareness of the applicable rules and procedures is no excuse for failure to comply
10 with the same. *Swimmer v. I.R.S.*, 811 F.2d 1343, 1344 (9th Cir. 1987) (ignorance of court
11 rules does not constitute excusable neglect, even if the litigant appears pro se.)  Plaintiff
12 was reminded to keep the Court informed of any change of address and must comply with
13 the Court's orders in a timely fashion. *Collins v. Pitchess*, 641 F. 2d 740, 742 (9th Cir.
14 1981) ("Every plaintiff in federal court has a responsibility to prosecute his action
15 diligently."). Plaintiff was warned that his failure to file his summary judgment motion could
16 result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil
17 Procedure 41(b) without further notice from the Court. *Ferdick v. Bonzelet*, 963 F.2d 1258,
18 1260 (9th Cir. 1992)."

19    The Court advised Plaintiff that his failure to file a summary judgment motion as
20 required by this Court's Social Security Procedural Order placed him in jeopardy of losing
21 his case. The Court then granted him a 60-day extension of time to file his motion for
22 summary judgment, to January 29, 2009. The Court recommended that he continue to
23 seek legal representation, and that he do the best he could to file the motion himself before
24 the deadline. The Court reminded him that if he failed to file by the deadline, his case would
25 be dismissed.

26    On January 28, 2009, Mr. Butler called court staff to inform the Court that he would
27 not be able to file his motion for summary judgment but that he was proceeding on his new
28 claim, with the assistance of counsel.

1  The Court hereby dismisses this case with prejudice for failure to prosecute,
2 pursuant to Rule 41 (b), Federal Rules of Civil Procedure.
3  The clerk shall close the file.
4  IT IS SO ORDERED.
5 DATED: January 29, 2009

_____
James Larson
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIVIL\07-5992\DISMISSAL.wpd

United States District Court
For the Northern District of California